UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| OSCAR RUBEN APAC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | EP-24-CV-00262-DCG |
| § | |
| JESUS M. VILLAR, § | |
| § | |
| *Defendant*. § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Plaintiff Oscar Ruben Apac moves for a default judgment against Defendant Jesus M. Villar.[1] The Court referred Plaintiff's Motion to U.S. Magistrate Judge Miguel A. Torres for a Report and Recommendation ("R. & R.").[2] Judge Torres duly issued an R. & R. advising the Court to grant Plaintiff's Motion in part and deny it in part.[3] The Court now **ACCEPTS** Judge Torres's R. & R. **IN FULL**.

### I.   BACKGROUND

**A.   Factual Allegations**

This is an enforcement action under Title III of the Americans with Disabilities Act ("ADA"),[4] which "prohibits discrimination against persons with disabilities by places of public

---

[1] *See generally* Mot. Default J., ECF No. 13.

[2] *See* Referral Order, ECF No. 14; *see also* 28 U.S.C. § 636(b)(1)(B); W.D. Tex. L.R. App'x C, Rule 1(d).

[3] *See generally* R. & R., ECF No. 16.

[4] *See* Compl., ECF No. 1, at 1, 7–8.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the cited document's internal pagination.

accommodation and services operated by private entities."[5] For the purposes of this Order, the Court takes the following allegations as true.[6]

In April 2024, Plaintiff visited a restaurant named Armando's Cafe #3.[7] Defendant owns and manages the property where Armando's Cafe #3 is located.[8]

Plaintiff has significant mobility impairments and uses assistive devices for mobility.[9] When Plaintiff visited the restaurant, it didn't have ADA-compliant van-accessible parking spaces or ADA-required handicapped parking signs.[10] The restaurant was therefore inaccessible to individuals with mobility impairments.[11] So, invoking Title III, Plaintiff sued Defendant for injunctive relief, declaratory relief, attorney's fees, and costs.[12]

---

[5] *E.g.*, *Betancourt v. Federated Dep't Stores*, 732 F. Supp. 2d 693, 700 (W.D. Tex. 2010).

[6] *See, e.g.*, *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (providing that where—as here—a defendant has defaulted, the defendant thereby "admits the plaintiff's well-pleaded allegations of fact").

[7] Compl. at 6.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.* at 3.

[11] *Id.*

[12] *Id.* at 8–9, 11.

**B.     Procedural Posture**

Plaintiff served Defendant with process on August 12, 2024.[13]  Defendant thus had until September 3, 2024 to answer or otherwise respond to Plaintiff's Complaint.[14]  Defendant didn't do so by the September 3, 2024 deadline.[15]  Nor did Defendant appear in this litigation at any point thereafter.[16]  Thus, the Clerk of Court entered a default against Defendant on October 1, 2024.[17]

Plaintiff then filed the instant Motion for Default Judgment against Defendant.[18]  Besides seeking injunctive relief and attorney's fees,[19] Plaintiff also asks the Court:

(1) to grant his attorney permission "to engage in post-judgment discovery . . . to ensure compliance with" any injunction that the Court ultimately issues in this case; and

(2) to "retain jurisdiction over this case for the purpose of monitoring the Defendant's compliance with the terms of" any such injunction—and, if Defendant ultimately violates any such injunction, to hold him in civil contempt.[20]

---

[13] *See* Proof Serv., ECF No. 6, at 2–4; *see also* R. & R. at 9 (concluding that "Defendant was properly served").

[14] *See* FED. R. CIV. P. 12(a)(1)(A) (providing (with exceptions that don't apply here) that "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint"); *see also* FED. R. CIV. P. 6(a)(1)(C) (providing that where a deadline would otherwise fall on a legal holiday—here, September 2, 2024 (Labor Day)—the deadline automatically extends to "the end of the next day that is not a Saturday, Sunday, or legal holiday").

[15] *See* R. & R. at 3.

[16] *See id.*

[17] *See* Clerk's Entry Default, ECF No. 11; *see also* FED. R. CIV. P. 55(a).

[18] *See generally* Mot. Default J.; *see also* FED. R. CIV. P. 55(b).

[19] *See* Proposed Default J., ECF No. 13-2, at 1–3.

[20] *See* Mot. Default J. at 8.

## C.     Judge Torres's R. & R.

Judge Torres advises the Court to grant Plaintiff's Motion for Default Judgment in part and deny it in part.[21]  Specifically, he recommends granting a default judgment against Defendant on Plaintiff's "architectural barrier" claim,[22] but not as to Plaintiff's "modification in policy"[23] or "alteration" claims.[24]  Judge Torres thus recommends issuing a permanent injunction requiring Defendant to take specified actions to make Armando's Cafe #3's parking lot ADA-compliant.[25]

Judge Torres further advises the Court to reserve ruling on Plaintiff's demand for attorney's fees until Plaintiff files a separate Motion for Attorney's Fees in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.[26]

---

[21] *See* R. & R. at 1, 20.

[22] *See id.* at 16 ("[B]ecause creating accessible parking spaces is 'readily achievable' and inaccessible parking constitutes an 'architectural barrier,' Plaintiff ha[s] adequately alleged a violation of [Title III] for failure to provide accessible parking.  Accordingly, the Court recommends granting Plaintiff's Motion for Default Judgment as to his 'architectural barrier' claim.").

[23] *See id.* at 17 ("Plaintiff has not sufficiently alleged a 'modification in policy' claim because Plaintiff neither identifies a policy nor articulates how inaccessible parking constitutes a policy, practice, or procedure.").

[24] *See id.* at 18 ("Plaintiff's 'alteration' claim fails because Plaintiff neither identifies an alteration in Armando's Cafe #3 or its parking lot nor specifies when an alteration, if any, took place.").

[25] *See id.* at 18–21.

[26] *See id.* at 21 n.6 ("[T]he Court recognizes that Plaintiff requests attorney's fees.  However, Plaintiff must address this request through a separate motion as provided by Federal Rule of Civil Procedure 54 and Local Rule CV-54.").

*See also* FED. R. CIV. P. 54(d)(2) (providing that "[a] claim for attorney's fees . . . must be made by [a] motion . . . filed no later than 14 days after the entry of judgment"); W.D. TEX. L.R. CV-54.

Finally, Judge Torres defers to the Court's judgment whether to authorize Plaintiff to conduct post-judgment discovery or to retain jurisdiction over this matter to monitor Defendant's compliance with any injunction that the Court ultimately enters.[27]

## II.     DISCUSSION

### A.    Neither Party Objected to the R. & R., So the Court Will Review It Under the Deferential "Clearly Erroneous or Contrary to Law" Standard

The standard of review that a District Judge applies when deciding whether to accept, reject, or modify a Magistrate Judge's report and recommendation depends on whether a party has objected to the report and recommendation by the applicable deadline.  When a party files a timely objection to a report and recommendation, "the Court must make a *de novo* determination of those portions of the report or proposed findings or recommendations to which objection is made."[28]  If, however, "no party objects to [a] Magistrate Judge's Report and Recommendation" by the applicable deadline, then "the Court is not required to perform a *de novo* review of the Magistrate Judge's determination"; instead, the Court "need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law."[29]

As the Court now explains, neither Plaintiff nor Defendant objected to the R. & R. by the applicable deadline, so the Court will review the R. & R. under the deferential "clearly erroneous or contrary to law" standard.

---

[27] *See* R. & R. at 21 n.6 (noting that Judge Torres "does not object to either request but leaves the matter to the final discretion of the referring court"); *see also supra* note 20 and accompanying text.

[28] *E.g.*, *Mission Pharmacal Co. v. Virtus Pharms., LLC*, No. 5:13-cv-00176, 2014 WL 12480014, at *1 (W.D. Tex. Mar. 28, 2014); *see also* 28 U.S.C. § 636(b)(1).

[29] *E.g.*, *Magdalena Garcia v. Sessions*, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018).

1. **Plaintiff Didn't Object to the R. & R. by the Applicable Deadline**

Because Judge Torres only recommended granting Plaintiff's Motion for Default Judgment in part, Plaintiff could have objected to the R. & R. to the extent it recommends denying Plaintiff's Motion in part. Ordinarily, a party has "fourteen days after being served with a copy" of a Magistrate Judge's report and recommendation to "serve and file written objections to [the Magistrate Judge's] proposed findings and recommendations."[30] Here, the Clerk of Court served Plaintiff with the R. & R. on September 5, 2025—the date the Clerk's office posted the R. & R. to the electronic case docket.[31] Plaintiff's 14-day deadline to object to the R. & R. thus expired on September 19, 2025.

Plaintiff didn't object to the R. & R. by September 19, 2025 (or at any time thereafter). The Court will therefore accept the aspects of the R. & R. that are adverse to Plaintiff unless they're clearly erroneous or contrary to law.

2. **Defendant Didn't Object to the R. & R. by the Applicable Deadline**

Defendant didn't object to the R. & R. by the applicable deadline either. Notwithstanding the usual rule that a party has 14 days to object to a report and recommendation,[32] a litigant gets an additional 3 days to object when the Clerk of Court serves

---

[30] 28 U.S.C. § 636(b)(1).

*But see infra* note 33 and accompanying text (noting and applying an exception to that general rule).

[31] *See* FED. R. CIV. P. 5(b)(2)(E) (providing that a paper may be served by "sending it to a registered user by filing it with the court's electronic-filing system," in which case service is (with exceptions not relevant here) "complete upon filing").

[32] *See supra* note 30 and accompanying text.

that litigant with the report and recommendation by mail.[33]  The extended 17-day objection period runs from the date that the Clerk deposits the report and recommendation in the mail (rather than, say, from the date the party ultimately *receives* the mailing).[34]

At the Court's direction, the Clerk of Court mailed the R. & R. to Defendant on September 23, 2025.[35]  Defendant's 17-day deadline to object to the R. & R. therefore expired on October 10, 2025.  Defendant didn't object to the R. & R. by that date (or at any time thereafter), so the Court will accept the R. & R. in full unless it's clearly erroneous or contrary to law.

**B.     The R. & R. Is Neither Clearly Erroneous Nor Contrary to Law**

Having carefully reviewed the R. & R., the Court concludes that the R. & R. is neither clearly erroneous nor contrary to law.  The Court will therefore grant Plaintiff's Motion in part, deny it in part, and issue a permanent injunction as Judge Torres recommends.

**C.     Plaintiff's Requests for Post-Judgment Discovery and for the Court to Retain Jurisdiction**

As noted, Judge Torres deferred to this Court's discretion regarding whether to:

(1)     permit Plaintiff to engage in post-judgment discovery; and/or

(2)     retain jurisdiction over this matter to monitor Defendant's compliance with the injunction.

---

[33] *See* FED. R. CIV. P. 6(d) ("When a party may or must act within a specified time after being served and service is made [by] mail . . . 3 days are added after the period would otherwise expire . . . .").

*See also, e.g.*, *Margetis v. Furgeson*, 666 F. App'x 328, 330 n.3 (5th Cir. 2016) (confirming that Rule 6(d) extends the 14-day period to object to a Magistrate Judge's report and recommendation by 3 days when the Clerk of Court serves the report and recommendation by mail).

[34] *See* FED. R. CIV. P. 5(b)(2)(C) (stating that service by mail "is complete upon mailing").

*See also, e.g.*, *Moody v. Wetzel*, No. 20-3258, 2021 WL 3022597, at *1 n.1 (E.D. Pa. July 16, 2021) (noting that Rule 6(d) extends the objection deadline when the Clerk of Court serves a report and recommendation by mail under Rule 5(b)(2)(C), and that the objection period runs from the date that the Clerk's office deposits the report and recommendation in the mail).

[35] *See* Order Mail R. & R. to Def., ECF No. 17, at 2; *see also* Certified Mail Receipt, ECF No. 18.

Because Plaintiff's Motion cites no legal authority to support those requests,[36] the Court will deny them without prejudice.  By the deadline indicated below, Plaintiff may file a renewed motion, supported by caselaw or other legal authority, requesting either or both of those forms of relief.

### III.    CONCLUSION

The Court therefore **ACCEPTS** Judge Torres's "Report and Recommendation" (ECF No. 16) **IN FULL**.

The Court thereby **GRANTS** "Plaintiff's Motion for Default Judgment and Permanent Injunctive Relief as to Jesus M. Villar" (ECF No. 13) **IN PART** and **DENIES** that Motion **IN PART**.

The Court **WILL ISSUE** a separate Final Default Judgment granting the permanent injunction that Judge Torres recommended in the R. & R.  That injunction will be based exclusively on Plaintiff's "architectural barrier" claim; the Court will not issue any relief based on Plaintiff's "modification in policy" or "alteration" claims.

The Court **WILL NOT** award attorney's fees **at this time**.  **Within 14 days** after the Court issues its Final Default Judgment, Plaintiff **MAY FILE** a freestanding Motion for Attorney's Fees in accordance with Federal Rule of Civil Procedure 54 and Western District of Texas Local Rule CV-54.

---

[36] *See* Mot. Default J. at 8.

By **December 29, 2025**, Plaintiff **MAY FILE** a separate motion to conduct post-judgment discovery and/or for the Court to retain jurisdiction over this case to monitor Defendant's compliance with the injunction.  Plaintiff **SHALL SUPPORT** any such motion with citations to relevant authority demonstrating that this Court has authority to grant such relief.

The Clerk of Court **SHALL MAIL** this Order to:

Jesus M. Villar
7252 Alameda Avenue
El Paso, TX 79915

**So ORDERED and SIGNED this 10th day of December 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**